```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Superior Production
Partnership, d/b/a PBSI,         :

     Plaintiff,                 :

  v.                               :     Case No. 2:06-cv-0916

Gordon Auto Body Parts Co.,      :     JUDGE SMITH
Ltd., et al.,
                             :

     Defendants.

<u>ORDER</u>

    This case is before the Court on the motion to strike filed by plaintiff PBSI in response to defendants' motion for joinder of parties, or in the alternative, to dismiss for failure to join indispensable parties.  For the following reasons, the motion to strike will be denied.

I.

    In its motion to strike, PBSI asserts that defendants' motion should be stricken because it was filed almost nine months after this Court's deadline for filing motions seeking joinder of parties.  Further, PBSI contends, the motion fails to allege any newly discovered facts or change in the law.  In response, defendants argue that a motion to join may be brought at any time, the motion is based on information produced after the deadline to amend had already lapsed, and PBSI has demonstrated no prejudice.

    PBSI's motion to strike will be denied because "[t]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." <u>United States v. Crisp</u>, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (citing <u>Sidney-Vinstein v. A-H Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983)).  Rather, under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. <u>Fox v.</u>

<u>Michigan State Police Dept.</u>, 173 Fed.Appx. 372, 375 (6th Cir. 2006). Fed. R. Civ. P. 7(a) defines pleadings as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and, (7) if the court orders one, a reply to an answer." Consequently, "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." <u>Lowery v. Hoffman</u>, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (citing 2 James Wm. Moore, et al., Moore's Federal Practice §12.37 [2] (3d ed. 1999)); <u>see</u> <u>also</u> <u>Rouse v. Caruso</u>, slip op., 2007 WL 209920 at *2 (E.D. Mich. Jan. 24, 2007) ("neither ... motions nor responses to motions constitute 'pleadings' subject to Rule 12(f).") (citations omitted).

There may be some exceptions to this rule. For example, the Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court. However, the usual way in which to assert that the Court should not grant relief to a moving party is to file an opposing memorandum containing that argument. That is what PBSI should have done here.

II.

Based on the foregoing, the plaintiff's motion to strike (#38) is denied. The plaintiff shall file its memorandum in opposition to the defendants' motion for joinder of parties, or in the alternative, to dismiss for failure to join indispensable parties (#36) within ten days. Defendants shall file their reply memorandum in accordance with Local Civil Rule 7.2(a)(2).

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Tulr 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

        /s/ Terence P. Kemp
        United States Magistrate Judge