```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Superior Production
Partnership, d/b/a PBSI,         :

      Plaintiff,               :

  v.                               :   Case No. 2:06-cv-0916

Gordon Auto Body Parts Co.,      :   JUDGE SMITH
Ltd., et al.,
                                 :
      Defendants.

<u>OPINION AND ORDER</u>

    This matter is before the Court on the motion for joinder of parties, or in the alternative, motion to dismiss for failure to join indispensable parties filed by defendants Gordon Auto Body Parts Co., Ltd. and Gordon Auto Body Parts USA Corp. (collectively, Gordon).  For the following reasons, the motion will be denied.

I.

    By way of background, Superior Production Partnership d/b/a PBSI (PBSI) has brought this antitrust action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§1 and 2, Section 2 of the Robinson-Patman Act, 15 U.S.C. §13, and Section 43 of the Lanham Act, 15 U.S.C. §1125, arising out of defendants' alleged activities in the replacement hood market. Complaint at ¶4.  PBSI has also alleged a state law claim of unfair competition. Complaint at ¶¶59-60.  The relevant markets are the sale of replacement hoods for 2002 Dodge, 2003 Chevrolet Silverado, 2004 Chevrolet Colorado, 1999 Ford Superduty and 1997 Ford F-150 trucks.  <u>Id</u>. at ¶7.  PBSI entered the market for replacement hoods for Dodge and Chevrolet trucks in March and April of 2006. <u>Id</u>. at ¶11.  Tong Yang Industrial Co., Ltd. (TKY) and Jui Li Enterprises (Jui Li) also participated in these markets.  <u>Id</u>. at 10.  PBSI alleges that after it entered the market, it became

aware that Gordon, TKY and Jui Li were conspiring and reaching agreements to not engage in price competition on replacement hoods sold in the United States.  Id. at 12.

## II.

In the motion for joinder, Gordon contends that TKY and Jui Li are necessary parties required to be joined under Fed. R. Civ. P. 19.  According to Gordon, PBSI's discovery responses and requests have indicated that PBSI plans to challenge the legality of research and development and tooling agreements between Gordon and these other entities.  Gordon believes these agreements are central to PBSI's theory of liability, making the legality of these agreements a controlling issue in this case.  Gordon asserts that any determination involving these agreements cannot be made without the participation of TKY and Jui Li.

Gordon maintains that, applying the criteria set out in Rule 19, neither PBSI nor Gordon can obtain complete relief in the absence of TKY and Jui Li.  As explained by Gordon, even if Gordon were barred from participating in the agreements, the other entities would still be participating and this would deny PBSI the relief it is seeking.  Additionally, Gordon claims that any disposition of this action without the participation of TKY and Jui Li will impair the ability of these entities to protect their contractual interests.  In this regard, Gordon argues that these entities have significant investments to protect which would be negatively impacted by any decision that the agreements are unlawful.  Further, Gordon asserts that a declaration that the alleged agreements are unlawful would potentially lead to further litigation.  According to Gordon, any declaration of the agreements' illegality could require Gordon to breach its agreements in the United States but fulfill them in Taiwan.

Alternatively, Gordon contends that if TKY and Jui Li cannot be joined as parties, this case must be dismissed under Fed. R.

Civ. P. 19(b).  In support of this position, Gordon asserts that TKY and Jui Li will be highly prejudiced by any judgment made without their participation, any such judgment would not be adequate, and PBSI can pursue an adequate remedy in Taiwan.

In response, PBSI contends, at great length, that the motion is untimely and prejudicial.  According to PBSI, Gordon's motion should be denied because it was filed nearly nine months after the deadline for filing joinder motions.  PBSI asserts that all of the information on which the joinder motion is based was known at the time the complaint was filed.  Consequently, PBSI believes, Gordon's motion is designed solely for delay and market advantage.

Further, PBSI asserts that Gordon has not demonstrated that Jui Li or TKY are necessary parties under Fed. R. Civ. P. 19.  Specifically, PBSI contends that Gordon's motion for joinder is based on a complete misrepresentation of the relief sought and a misunderstanding of the law relating to antitrust claims.  According to PBSI, it is not seeking any relief that would require Gordon to terminate its agreements with competitors.  As explained by PBSI, it is raising three antitrust issues in this case.  First, it has placed at issue the prices Gordon has charged for the hoods and whether the drop in pricing was in response to PBSI's market entry.  Further, it seeks to explore Gordon's costs of production for the hoods and whether these costs were higher than prices charged by Gordon after PBSI entered the market.  Finally, its claims address whether Gordon has reason to believe that driving PBSI out of the market would allow the recapture of short term losses resulting from below cost pricing.  In light of these issues PBSI contends that Gordon's agreements with its competitors are relevant only to show an agreement not to undercut Gordon's prices and, thereby, allow Gordon to recoup its lost profits.

Additionally, PBSI asserts that, even if Jui Li or TKY had any liability, liability for money damages in an antitrust case is joint and several making them, at best, permissive parties. With respect to injunctive relief, PBSI contends that it is not seeking to enjoin Gordon from entering into or maintaining its agreements with Jui Li or TKY, whether these agreements are lawful or not.  Rather, the request for injunctive relief is directed solely to prohibiting Gordon from pricing at below cost with the intention of driving PBSI out of the market.

In reply, Gordon addresses the issue relating to the timeliness of the motion for joinder.  According to Gordon, the necessity of the motion did not become clear until PBSI produced interrogatory responses and documents well after the deadline for such motions had passed.  Gordon asserts that, based on this conduct by PBSI, the Court should consider its motion for joinder.

### III.

As set forth above, the parties have raised two preliminary issues for the Court's consideration - whether the motion for joinder should be considered by the Court at this stage of the proceedings and whether the joinder of Jui Li and TKY as additional defendants is warranted under Fed. R. Civ. P. 19. Because a conclusion that the joinder of Jui Li and TKY is not required would eliminate any need to consider the issue of the motion's timeliness, the Court will turn to the joinder issue first.

Fed. R. Civ. P. 19(a) provides, in pertinent part, that a person who can be joined in an action must be joined if, in the absence of that party, either (1) "the court cannot accord complete relief among existing parties," or (2) the person claims an interest relating to the subject of the action and, disposing of the action in the person's absence may "impair or impede the

person's ability to protect the interest" or existing parties might be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. . . ." Rule 19(a) also provides that if such a person has not been joined, the Court shall order the person to be made a party.  If that cannot be done, the Court may, under Rule 19(b), dismiss the case.

Consistent with this rule, the Court of Appeals has indicated that evaluation of a motion to dismiss for failure to join an indispensable party is a three-step process.  First, the Court must determine whether the person is subject to joinder under Rule 19(a).  If so, the Court must decide if the party can be joined.  Finally, if not, the Court must consider whether dismissal is appropriate.  See Keweenaw Bay Indian Community v. Michigan, 11 F.3d 1341, 1345-46 (6th Cir. 1993).

IV.

The focus of the motion for joinder is that Jui Li and TKY, as Gordon's co-conspirators, are persons required to be joined if feasible.  PBSI argues, and Gordon does not seriously dispute, that the fact that PBSI could sue these entities does not make them required parties under Rule 19.  That is, both PBSI and Gordon recognize that Rule 19 does not require all tortfeasors to be joined in one action.

The Court agrees that TKY and Jui Li, as co-conspirators, are not persons required to be joined.  "It has long been the rule that it is not necessary for all joint tortfeasors to be joined in a single lawsuit.... The Advisory Committee Notes to Rule 19(a) explicitly state that a tortfeasor with the usual 'joint and several liability' is merely a permissive party to an action against another with like liability." Temple v. Synthes Corp. Ltd., 498 U.S. 5 (1990).  "[C]o-conspirators, like other joint tortfeasors, will not be deemed indispensable parties."

5

Roche v. Country Mut. Ins. Co., Civil No. 07-367-GPM, 2007 WL 2003092 at *5(S.D. Ill. July 6, 2007) (quoting 7 Wright, Miller & Kane, *Federal Practice & Procedure* §1623). This rule applies in antitrust actions. Id. (citing Grumman Sys. Support Corp. v. Data Gen. Corp., 125 F.R.D. 160 (N.D. Cal. 1988)).

    Here, however, Gordon argues that TKY and Jui Li have interests beyond those of routine joint tortfeasors. In support of this notion, Gordon relies on Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir. 1999). In that case, Laker Airways sued British Airways asserting that British Airways had conspired to monopolize landing slots at British airports. The court found that Airport Coordination Limited (ACL), the corporation appointed by the British government to allocate slots, was a necessary party because it was the only entity with the legal authority to award slots. The court noted that, in order to prove its antitrust claims, Laker would have to demonstrate that ACL failed to act in a neutral manner. Any such demonstration would impact ACL's interests because legislation required the Secretary of State for Transport to withdraw its approval of an appointed coordinator if its behavior was not neutral. The court also considered the national sovereignty implications of the suit in concluding that ACL's interest was more "significant than those of a routine tortfeasor." Laker at 848.

    In reaching its decision, the Laker court looked to Boles v. Greeneville Housing Authority, 468 F.2d 476 (6th Cir. 1972). In Boles, the Sixth Circuit found that the Department of Housing and Urban Development (HUD) was an "indispensable party" when the plaintiffs' attack on an Urban Renewal Plan indirectly attacked HUD's administrative decision approving the Plan. Id. at 476. The Laker court also considered Haas v. Jefferson Nat. Bank of Miami Beach, 442 F.2d 394 (5th Cir. 1971). In Haas, the court

6

concluded that an absent party will be considered a necessary party when the absent party emerges as an "active participant" in the allegations made in the complaint that are "critical to the disposition of the important issues in the litigation." Id. at 398.  Under the facts of Haas, a mandatory injunction action arising from alleged stock conversion, the court found that the absent party could provide evidence to support the complaint or help the defense.  In support of this finding, the court set forth a litany of examples demonstrating that the absent party was not simply a key witness but was in fact an active participant in the alleged conversion. Id.

    Gordon claims that here, as in Laker and Haas, TKY and Jui Li should be considered active participants.  Gordon argues that because TKY and Jui Li are parties to research and development and tooling contracts or alliances, the legality of which the Court is being asked to decide, they are required parties.  According to Gordon, any finding that these alliances are illegal would prejudice TKY and Jui Li in numerous ways.  Underlying this argument is Gordon's view that a decision on the legality of these contracts or alliances is critical to the disposition of this action.  Based on its reading of the complaint, the Court does not agree that TKY and Jui Li are active participants in the allegations as contemplated by Laker and Haas.

    According to the complaint, PBSI seeks both money damages for the alleged harm Gordon has caused and an injunction against future anti-competitive actions by Gordon.  Nowhere in the complaint is PBSI requesting a determination of the legality of the research and development or tooling contracts between Gordon and the other entities.  Rather, the complaint alleges that, because of these contracts, Gordon has the ability to recoup lost short term profits from an alleged predatory pricing scheme. Based on these allegations, the contracts may be relevant to the

extent that they are a vehicle to further Gordon's alleged anti-competitive conduct.

Because the Court is not being asked by PBSI in this antitrust action to make a determination regarding the legality of the research and development or tooling agreements, these agreements cannot be viewed as a central issue in this case in the sense urged by Gordon.  Gordon's efforts to frame this case as something more than an antitrust case challenging alleged unlawful pricing practices are to no avail.  As a result, the Court cannot conclude that TKY and Jui Li have any interests at stake here more significant than those of any other routine joint tortfeasors.  Unlike in Laker or Boles, TKY and Jui Li are not governmental entities potentially subject to ramifications when conduct in their official capacities is implicated or challenged in a particular case.  Additionally, the allegations of the complaint relate specifically to Gordon's conduct and TKY and Jui Li, while alleged co-conspirators, are not alleged to be active participants in Gordon's activities on a level where their presence in this action is crucial to the disposition of the issues.  Thus, this case is distinguishable from Haas as well.  Consequently, as mere joint tortfeasors, TKY and Jui Li are not parties required to be joined under Fed. R. Civ. P. 19(a).  In light of this conclusion, there is no need for the Court to consider Gordon's request for dismissal under Fed. R. Civ. P. 19(b).

V.

Based on the foregoing, defendants' motion for joinder of parties, or in the alternative, to dismiss for failure to join indispensable parties (#36) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


    /s/ Terence P. Kemp
    United States Magistrate Judge