IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Superior Production
Partership, d/b/a PBSI,            :

            Plaintiff,            :

      v.                          :      Case No. 2:06-cv-0916

Gordon Auto Body Parts Co.,       :      JUDGE SMITH
Ltd., et al.,
                                  :
            Defendants.


<u>ORDER</u>

      This predatory pricing case is before the Court to
consider a motion for sanctions filed by the plaintiff, PBSI.
The motion was filed and briefed at a time when the parties had
not conducted much discovery.  For the following reasons, the
Court will deny the motion without prejudice to its renewal if
the discovery which has been conducted to date, or if additional
discovery, reveals that the defendants have engaged in
sanctionable conduct.

                              I.

      The motion for sanctions relates to Gordon's initial efforts
to locate and preserve documents relevant to PBSI's claims.
According to PBSI's motion, Gordon produced a surprisingly small
number of documents in response to the initial written document
request, leading PBSI to question what efforts had been made to
locate responsive documents.  PBSI was particularly concerned
because, shortly after the lawsuit was instituted, it took
efforts to advise Gordon in writing as to its obligations to
preserve documents relevant to PBSI's predatory pricing claims.
In order to follow up on its suspicion that a more thorough
document search should have been performed, PBSI took the
deposition of Sonny Pan, a Gordon supervisory employee.  Both

parties have attached portions of Mr. Pan's deposition to the filings related to this motion.

It appeared from Mr. Pan's testimony that he limited the search for responsive documents to a particular database which, in his view, contained all of the relevant pricing information. He did not institute a search of Gordon's e-mail files because he believed that no pricing information would have been contained in the e-mails. At that time, he also did not institute a search of any individual employee's hard drive. He also testified that he had not specifically instructed any Gordon employee not to destroy any documents, electronic or otherwise, while this litigation was pending.

PBSI then took the deposition of Ron Breuer, who is the only Gordon employee who works in the United States (the rest of Gordon's employees are located in Taiwan). Mr. Breuer testified that he had not been instructed to preserve any e-mails or other documents while the case was pending, and that he routinely deleted e-mails which he did not believe were important or which related to customer problems which had been resolved. Based upon the combination of Mr. Pan's and Mr. Breuer's deposition testimony, PBSI contends that it is obvious that Gordon did not make a reasonable effort to search all relevant data bases for responsive documents, that it did not institute a proper litigation hold, and that relevant and responsive documents have now been destroyed. As a sanction for this alleged misconduct, PBSI requests the Court to order Gordon to turn over its employees' hard drives and to pay for a forensic examination of those hard drives to determine if any deleted documents can be retrieved. If not, PBSI asks the court to draw an adverse inference against Gordon based upon its intentional or negligent instruction on relevant documents.

Not surprisingly, Gordon interprets the history of this dispute in a very different fashion. Gordon asserts that its standard document retention policy, put in place before this case

was filed, was adequate to prevent any destruction of relevant documents. However, in order to bolster the policy, after his deposition was taken, Mr. Pan sent out a separate memorandum advising Gordon employees to retain relevant documents. Apparently, Gordon has now conducted a search of e-mail databases as well as individual employees' hard drives and has produced some additional documents from those sources. Gordon also notes that Mr. Breuer had no involvement with the pricing or sale of the products involved in this case, and that he would not have been in possession of any responsive documents other than perhaps e-mails which would have been sent to Gordon in Taiwan. If those documents exist, they would have been preserved in Taiwan, so that any deletion of those e-mails by Mr. Breuer would be insignificant. Most fundamentally, however, Gordon contends that PBSI has not demonstrated that a single responsive document was ever destroyed or deleted, and that there is simply no basis for the Court to sanction Gordon either for the way in which it searched for relevant documents or for any alleged destruction of relevant information.

II.

The dispute in this case is not a legal one, but a factual one. Both parties agree that the filing of a lawsuit triggers an obligation on the part of the defendants to locate and preserve relevant documents, and that the breach of that obligation may well be sanctionable. PBSI asserts that it is undoubtedly true that Gordon has destroyed relevant information. Gordon, on the other hand, asserts that there is no credible evidence before the court to support that contention.

Given Mr. Pan's deposition testimony, coupled with initial difficulties in Gordon's production of documents (which were the subject of several conferences with the Court and a subsequent order compelling production), the Court can understand why PBSI believed that Gordon had been less than diligent in searching for responsive documents and in preserving documents during the

course of litigation.  The only reasonable construction of Mr.
Pan's deposition testimony is that he unilaterally elected not to
conduct searches of certain databases either because he
mistakenly believed that PBSI's document requests did not require
that type of search, or because he believed, based upon his
position with Gordon and knowledge of its business practices,
that no responsive documents would be located in those databases.
Further, it is not surprising that PBSI was skeptical of Mr.
Pan's claim that no electronically-stored information could have
been deleted without his approval.  The testimony of Mr. Breuer
simply reinforced this skepticism.  Nevertheless, the record, as
it currently exists, does not support PBSI's claim that any
significant documents, or any significant number of documents,
have been destroyed.

Certainly, Mr. Breuer testified that he routinely deleted e-
mails and did so after this case was filed.  He also testified in
very general terms that he may have sent e-mails to Taiwan from
time to time concerning complaints by customers about pricing.
However, there is no evidence, either from Mr. Breuer or
elsewhere, that any of these complaints related to the pricing of
the products in question.  It appears affirmatively that Mr.
Breuer had no role to play in establishing prices for these truck
hoods nor any role to play in communicating these prices to
customers for those products.  Gordon has submitted sworn
evidence that if Mr. Breuer actually sent an e-mail at any time
which contained information about truck hoods, a copy of that e-
mail would have been preserved on the receiving end in Taiwan.
Absent more concrete evidence, the Court simply cannot conclude
that any of the e-mails which Mr. Breuer may have deleted contain
either relevant or important information about the issues in this
case.

Further, PBSI has produced no other evidence that anyone at
Gordon's Taiwan operation actually deleted any relevant
information as a result either of Mr. Pan's failure, at the

-4-

outset of litigation, to place a specific litigation hold on such documents, or as a result of the incorrect or ambiguous application of Gordon's document retention policy.  Although the Court understands that it is sometimes difficult to prove that relevant information has been deleted, many times circumstantial evidence of such deletion exists.  For example, a certain group of relevant documents may exist only back to a particular point in time, and not beyond, creating an inference that the same documents did exist for earlier time periods but have simply been deleted.  As another example, a party suspecting document destruction may show that it is the routine practice either of the defendant or other companies engaged in a similar business to maintain certain types of documents, but that no such documents have been produced by this defendant.  PBSI has not offered evidence on either of these issues, nor any other circumstantial evidence which would tend to show that Gordon either intentionally or negligently failed to preserve documents relevant to this case after the complaint was filed.

Finally, the Court notes that the motion which was filed was not a motion to compel Gordon to make a more thorough search of its databases for responsive documents, but a motion for sanctions.  Again, given Mr. Pan's deposition testimony, the Court understands the concern that the initial search for documents was not particularly thorough.  However, that problem appears to have been cured by later searches of both e-mail databases and individual hard drives, and PBSI acknowledges that responsive documents have been produced as a result of these searches.  The Court probably would have compelled this type of document search based upon the information presented in PBSI's motion, but the granting of such relief would appear to be moot at this point.

One final note is in order.  More than a year has passed since PBSI filed its motion, and the parties have engaged in a significant amount of discovery since that time.  The Court gave

the parties an opportunity, after some of this discovery had been conducted, to supplement any pending discovery-related motions. No supplement was filed with respect to this motion. The Court therefore assumes that no additional evidence supporting PBSI's concerns about document destruction was turned up during discovery. However, the topic of document retention or destruction is a valid subject of discovery, and should PBSI either possess additional evidence on that topic or, as a result of additional discovery, come into the possession of such evidence, it is free to renew its motion. In the absence of additional evidence, however, the Court is constrained to deny the motion as filed.

III.

For the foregoing reasons, plaintiff's motion for sanctions (#44) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge