IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Superior Production
Partership, d/b/a PBSI,         :

    Plaintiff,               :

  v.                              :         Case No. 2:06-cv-0916

Gordon Auto Body Parts Co.,     :         JUDGE SMITH
Ltd., et al.,
                                :
    Defendants.

ORDER

    This predatory pricing case is before the Court to consider defendant Gordon's "Motion re timeliness of its deposition corrections" (doc. #74). After considering the supporting, opposing, and reply memoranda and the attachments to those memoranda, the Court will grant the motion in substance by extending the time for Gordon's witnesses to make corrections to their depositions to and including June 30, 2008, the date upon which those corrections were provided to plaintiff's counsel.

I.

    The facts underlying this dispute are set forth in Gordon's motion and can be stated simply. A number of Gordon witnesses were deposed in Taiwan in late April, 2008. On May 7, 2008, Gordon was advised that the transcripts of the depositions would be ready for review in Japan on May 12, 2008. Gordon's counsel was also told that the transcripts would be released to counsel only after payment was made. Although counsel intended to remit payment for the transfer almost immediately, some confusion in counsel's office caused a 15-day delay in actually making payment. Counsel received the transcripts on June 2, 2008 and then provided copies to the witnesses. Purporting to be following Fed.R.Civ.P. 30(e), the witnesses made corrections

within 30 days of that date, and the corrections were provided to counsel for PBSI on June 30, 2008.

After that date, the parties apparently had some discussion as to whether these corrections were timely.  PBSI took the position that they were not because the deposition transcripts were available for review more than 30 days prior to June 30, 2008, and Rule 30(e) allows only 30 days to make corrections.  Because the parties were unable to resolve this dispute, Gordon filed its motion.  It asks the Court to declare that the depositions were not available until, at the earliest, June 2, 2008, so that the corrections would be timely.

II.

Fed.R.Civ.P. 30(e)(1) provides as follows:

> (1) **Review; Statement of Changes**. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Both parties' memoranda focused on the question of when the transcript was truly "available" which, in turn, determines when the 30-day time limit for reviewing and making changes begins to run.  In the Court's view, the parties have simply focused on the wrong issue.

It is likely that, if Rule 30(e) is read literally, the transcripts of the depositions were "available" more than 30 days before the corrections were made.  That conclusion can be reached either by determining that the witnesses were able to review the deposition transcripts at the office of the court reporter (albeit in Japan, but the Rule does not make any specific allowance for the fact that the transcript might be made available at an inconvenient location) or that, acting with reasonable speed, counsel could have obtained a copy shortly

after May 12, 2008 for the witnesses to review. Either of those dates is well before June 1, 2008. Thus, the question is not really when the transcripts were available, but whether Gordon has provided an adequate excuse for not making its corrections strictly within the time limit set forth in the rule. For guidance on that question, the Court turns to Fed.R.Civ.P. 6(b).

Fed.R.Civ.P. 6(b) allows the Court to extend the time for taking any action under the Rules of Civil Procedure (with certain exceptions not applicable here) even if the motion for such an extension is filed after the response period has expired, so long as the failure to file a timely answer is the product of excusable neglect. As this Court explained in <u>Tolliver v. Liberty Mutual Fire Ins. Co.</u>, 2008 WL 545018, *1 (S.D. Ohio February 25, 2008)(Marbley, J.),

> The meaning of the phrase "excusable neglect" was explored by the United States Supreme Court in <u>Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380 (1993). There, the Court recognized that "excusable neglect" is a somewhat elastic concept. Under that concept, a court is "permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness" even when an adequate excuse is not tendered. <u>Id</u>. at 388. However, the Court must consider four factors in determining whether to grant an extension under the "excusable neglect" concept, including any prejudice which might inure to the opposing party or to the Court, the length of the delay involved, the reason advanced for the delay, and whether the dilatory party appears to have acted in good faith. <u>See</u> <u>also</u> <u>Blandford v. Broome County Government</u>, 193 F.R.D. 65 (N.D.N.Y. 2000); <u>but see</u> <u>Robinson v. Wright</u>, 460 F.Supp. 2d 178 (D.Me. 2006)(holding that such factors do not excuse a failure timely to file a pleading if the only reason advanced for the failure is an attorney's carelessness).

Rather than torturing the language of Rule 30(e) to determine whether Gordon actually made its corrections in a timely fashion, the Court need simply determine whether there is good cause to extend that time by less than three weeks under the "excusable

-3-

neglect" concept contained in Rule 6(b).

Each of the four factors identified in Pioneer favor an extension here. The short delay cannot be considered prejudicial to PBSI. Although each party takes a different view of whether the corrections which have been tendered are substantive or are merely clarifications of the deposition testimony, Rule 30(e) specifically contemplates that the changes made under that rule may be "changes in form or substance...." Thus, so long as the witness complies with the procedural requirements of the rule by both listing the changes made and stating the reasons for those changes, a witness may make substantive changes in his or her deposition testimony. United States ex rel. Burch v. Piqua Engineering, 152 F.R.D. 565 (S.D. Ohio 1993). Some courts have held that there is discretion to deny changes when the party or witness making the changes is abusing the discovery process, see Herring v. Teradyne, Inc., 2002 WL 32068318 (S.D. Cal. Nov. 4, 2002), but there is no evidence of such abuse here, and the Court need not determine whether it would have discretion to disallow corrections made otherwise in compliance with Rule 30(e). The other three Pioneer factors also favor an extension of time, because the logistical difficulties of having the witnesses review a deposition transcript in Japan is a good reason for an extension, the extension is brief, and there is no indication that Gordon acted in bad faith. Consequently, the Court resolves the issue by granting Gordon an extension of time until June 30, 2008 to tender these corrections.

III.

This conclusion does not completely resolve the issue, however. In a footnote in its memorandum contra, PBSI asserts that if these corrections are permitted, because some of them not merely clarify but directly contradict the testimony given, it may need to redepose one or more of the witnesses. In fact, that is one option available to a party when substantive changes

to deposition testimony are made. As the <u>Teradyne</u> court noted, if a substantive change to deposition testimony is made, the opposing party may either use the original testimony to impeach the witness, or the deposition can be reopened. <u>See also</u> <u>United States ex rel. Burch v. Piqua Engineering</u>, <u>supra</u>. Because the parties devoted very little of their briefing to this issue, the Court cannot determine to what extent the deposition of any of these witnesses ought to be reopened in order to permit further inquiry. Therefore, the parties are directed to confer concerning this issue to see if they can reach agreement as to either the need for reopening a deposition and, if there is an agreement on that issue, as to the logistics of doing so, including whether any short re-deposition of a witness in Taiwan can be arranged by telephone. If they cannot agree concerning these matters, they shall request an informal conference with the Court.

IV.

For the foregoing reasons, defendants' motion re timeliness of deposition corrections (#74), construed as a motion to extend the time to make corrections to deposition transcripts, is granted.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or

District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge